**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ROBIN TAYLOR,**

        **Plaintiff,**

**v.**                                               **Case No: 6:22-cv-482-WWB-EJK**

**CONSUMER CONSULTING
GROUP, LLC,**

        **Defendant.**

**ORDER**

This cause comes before the Court on Plaintiff's Verified Motion for Attorneys' Fees (the "Motion"), filed November 18, 2022. (Doc. 28) Defendant Consumer Consulting Group, LLC ("Consumer Consulting") has filed a response in opposition. (Doc. 30.) Thus, the Motion is ripe for review. For the reasons set forth herein, the Motion is due to be granted in part and denied in part.

**I.    BACKGROUND**

On July 27, 2022, Plaintiff filed a motion to compel requesting the Court order Defendant to comply with outstanding discovery requests. (Doc. 22.) Because Defendant did not respond to the motion, the Court construed the motion as unopposed, granted it, and directed Defendant to produce the responsive discovery. (Doc. 23.) On September 28, 2022, Plaintiff filed a second motion to compel (Doc. 24) that the Court denied without prejudice, directing Plaintiff to file a motion for sanctions as appropriate. (Doc. 25.) On October 19, 2022, Plaintiff filed a motion for

sanctions for Defendant's failure to comply with the Court's previous order. (Doc. 26.) On November 4, 2022, the undersigned granted the motion for sanctions in part, ordering Defendant to pay Plaintiff's reasonable expenses in making the motion for sanctions and the prior motion to compel. (Doc. 27.) Thereafter, Plaintiff filed the instant Motion (Doc. 28), to which Defendant has filed a response. (Doc. 30.) Thus, the Motion is now ripe for review.

## II. STANDARD

In determining reasonable attorney's fees, federal courts apply the "lodestar" method, which is calculated by multiplying counsel's reasonable hourly rate by the number of hours counsel reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The movant bears the burden of demonstrating that its counsel's requested hourly rate and the number of hours its counsel expended is reasonable. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Once the Court has determined the lodestar, it may adjust the amount based on several factors, including the results obtained. *Id.* at 1302. Additionally, the Court is "itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (internal quotation marks omitted).

### III. DISCUSSION

Plaintiff seeks an award of $5,000 in attorney's fees for a total of 6.25 hours of work. (Doc. 28.) The undersigned previously found that Plaintiff was entitled to attorney's fees (Doc. 27); as such, this Order will not reiterate Plaintiff's entitlement to fees.

#### A. Reasonableness of Hourly Rate

Plaintiff requests that her attorney be compensated at a rate of $800 per hour. (*See* Doc. 28.) Attorney Kaufman has been practicing law since 2008 and has substantial experience handling TCPA class action claims such as this one. (Doc. 28 at 4.) "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The fee applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id.*

To support her request, Plaintiff cites to the Middle District and three cases from other jurisdictions—the Central District of California and the Northern District of California. However, based on its own knowledge of the prevailing market rates in the Middle District of Florida, the Court is not persuaded by Plaintiff's request for an hourly rate of $800. Thus, the Court will rely on its own knowledge and experience to determine a reasonable hourly rate for similar services by lawyers of reasonably comparable skills, experience, and reputation for the award. *Norman*, 836 F.2d at 1303.

In similar TCPA class action cases in the Middle District of Florida, courts have found a reasonable hourly rate to be around $350. *Hering v. Halsted Fin. Servs., LLC*, No. 8:17-cv-1439-T-33MAP-, 2017 WL 4355626, at *6 (M.D. Fla. Oct. 2, 2017) (finding that a reasonable hourly rate was $250 for associate attorney and $350 for managing partner); *Bauer v. Midland Credit Mgmt., Inc.*, No. 8:12-cv-614-T-23TGW, 2012 WL 6744649, at *5 (M.D. Fla. Dec. 4, 2012) (finding that a reasonable hourly rate was $300); *see also Frechette v. Nat'l Credit Sys., Inc.*, No. 8:19-cv-37-T-23JSS, 2020 WL 7408378, at *3 (M.D. Fla. March 30, 2020) (same). Therefore, relying on the undersigned's own experience and familiarity with rates in the Orlando area, and given Mr. Kaufman's experience and level of expertise, I find that $350 is a reasonable hourly rate for Mr. Kaufman.

### B. Reasonableness of Hours Expended

The next step in the analysis is to determine what hours were reasonably expended on the Motion for Sanctions and the previous Motion to Compel. Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011) (unpublished) (internal quotation marks omitted). Courts may cut specific hours, or may engage in "an across-the-board cut," so long as the court adequately explains its reasons for doing so. *Id.*

Plaintiff seeks compensation for 6.25 hours of attorney time. (Doc. 28 ¶ 22.) While Plaintiff did not provide a list of the work performed and the hours expended on each task, "where the time or fees claimed seem expanded or there is a lack of

documentation or testimonial support the Court may make the award on its own experience." *Norman*, 836 F.2d at 1303. Thus, the undersigned finds it is proper to award attorney's fees based on Plaintiff's representation that her attorney expended 6.25 hours in preparing both motions, which the Court finds reasonable.

Accordingly, I find that Plaintiff is entitled to an attorney's fees award of $2,187.50.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion for Attorneys' Fees (Doc. 28) is **GRANTED in part**.
2. Plaintiff is awarded **$2,187.50** in attorney's fees.

**DONE** and **ORDERED** in Orlando, Florida on January 12, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE